Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
424-219-1582

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>            Plaintiff,<br><br>v.<br><br>MARKETIZO MEDIA, and MATIAS OSCAR,<br><br>            Defendants. | Case No. 2:23-cv-07695-FLA-BFM<br><br>District Judge Fernando L. Aenlle-Rocha<br>Magistrate Judge Brianna Fuller Mircheff<br><br>**DISCOVERY MATTER**<br><br>**OPPOSED EX PARTE APPLICATION FOR SUBPOENA DUCES TECUM TO AID IN SERVICE OF PROCESS** |

      Plaintiff, Jorge Alejandro Rojas, respectfully applies to this Court *ex parte* to grant him permission to have the Clerk of the Court issue two (2) Fed. R. Civ. P. 45 subpoena duces tecum to aid in service of process against Defendants. The subpoenas requested are narrow, limited, and restricted. Plaintiff seeks leave to file this motion without a zoom conference because Plaintiff has been unable to contact or serve Defendants, as explained more fully below.

      **L.R.s 7-19 & 37-1 Statement.** Plaintiff is unaware of counsel for any Defendant. The reason for seeking this order is that Plaintiff must identify a means to serve Defendants. Plaintiff was therefore unable to confer with any Defendant prior to this filing. Plaintiff identifies this as opposed, because of the inability to confer with counsel. Plaintiff recognizes the requirement to notify the Court prior to discovery disputes for an informal

conference to be held, but files this motion without doing so because the means to serve Defendants have not been fruitful and Plaintiff has been unable to contact Defendants. Plaintiff will nevertheless serve a copy of this motion via mail to the address he is aware of for Defendants – at which he has been unable to serve them via traditional means – and via e-mail to MatiasOscar@marketizomedia.com, and notify the same that any opposition must be filed within one business day of the electronic filing.

This is an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging Defendants violated the TCPA by making telephone calls to the Plaintiff without his consent and while being on the National Do Not Call Registry. Plaintiff initially commenced this action against a different set of Defendants (Dkt. 1), which were voluntarily dismissed with prejudice following settlement by the parties (Dkt. 13).

Plaintiff filed his First Amended Complaint against the current set of Defendants on October 17, 2023 – for the conduct alleged in the original Complaint. Dkt. 17. Plaintiff was provided contact information for Marketizo and Oscar by the parties in the original Complaint, and Plaintiff has attempted service on them to that address, but has been unsuccessful. Marketizo has been identified as the entity potentially liable for the telemarketing calls – along with its officer Oscar. Plaintiff has been unable to find a company with that name – but has included it based on representations of counsel of the companies previously sued and dismissed.

On October 25, 2023, Plaintiff retained a process server to serve Oscar, at the address identified by counsel for the dismissed parties. A process server attempted to serve Oscar on October 26, 2023, October 31, 2023, November 2, 2023, and November 5, 2023. During the attempts, the server was unable to make contact with Oscar – and ultimately the resident stated that they did not know of someone with that name. Plaintiff has filed the proof of non service. Dkt. 19.

Plaintiff e-mailed Oscar on October 25, 2023, at the e-mail provided by counsel for the former Defendants, in an attempt to resolve this matter. Oscar has not replied. Rojas

Dec'l ¶ 4. The website domain for Defendants - marketizomedia.com – is currently parked without content – but prior versions archived from March 2023 do have content - *See* https://web.archive.org/web/20230331023649/https://marketizomedia.com/ (archive from March 31, 2023).

Plaintiff has also attempted to use skip tracking services to identify another alternative address for Defendants but has not been successful.

The Defendant(s) in this case have been able to evade liability by not appearing because the address information provided to the Plaintiff has either changed, is invalid, or the Defendants are being evasive. However, that does not give them the right to violate federal law without penalty. Plaintiff requests a subpoena directed at Domains By Proxy, LLC in order to identify contact information – including billing, website, administrative, and other contact information for the website domain http://marketizomedia.com. Plaintiff also seeks a subpoena directed at LinkedIn Corporation to identify any additional means to contact and serve Mr. Oscar.

The previously dismissed entities provided Plaintiff with the information they have for Marketizo Media and its CEO Matias Oscar. They provide an email of MatiasOscar@Marketizomedia.com which is therefore a domain name of http://Marketizomedia.com which based on a search of the WhoIS database that maintains the identity of the owners of websites, identifies it to be a private registration, masked by Domains By Proxy, LLC. https://www.whois.com/whois/marketizomedia.com

Plaintiff seeks a subpoena (**Exhibit 1**) directed at Domains By Proxy, LLC to identify contact information for the owner of the above website in order to facilitate service of process: "Information identifying the registrant, administrator, technical, customer, and billing contact information including name, company name, telephone number(s), addresses, and e-mail for Marketizomedia.com for the period September 1, 2022, to the present."

Plaintiff seeks a subpoena (**Exhibit 2**) directed at LinkedIn Corporation seeking " Contact information (e-mails, any addresses, and telephone numbers) concerning Matias

Oscar's account (available as of February 18, 2024 at https://www.linkedin.com/in/matias-oscar-996b22229/).""

The requested information will not prejudice any party. Plaintiff is currently prejudiced not being able to serve Defendants, because the information provided by the previous defendants, is no longer accurate or the current Defendants are being evasive. Plaintiff's proposed subpoenas include a provision allowing for the target to be advised of the subpoena prior to the disclosure of the return.

If the information obtained reveals that Defendants have the same address on file as the one that Plaintiff has been attempting service at, Plaintiff anticipates seeking an alternative service order. If the information obtained reveals that Defendants have listed a different address, Plaintiff anticipates commencing service via those means.

Fed. R. Civ. P. 26 gives the Court wide discretion to manage the discovery process. While expedited and early discovery is not the norm, situations like this support it. Plaintiff has used the available means to him to attempt service but has been unable to. Defendant does not seem to be an active incorporated entity.

In situations where discovery is requested early, Courts consider the entirety of the record to date, and the reasonableness of the request. The record to date establishes a prima facie case of violations of the TCPA. Plaintiff alleges Defendant has called Plaintiff at least once utilizing an ATDS despite not having the required consent to do so, (47 U.S.C. § 227(b)) as well as violations of the National Do Not Call Registry regulations (47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200). The Amended Complaint alleges at least thirteen (13) telephone calls concerning medicare and other senior benefits services including final expense insurance. AC ¶¶ 49-92. During one of the telephone calls, Plaintiff identified the allegedly calling entity – and sued the same. Dkt. 1. That entity, without admitting liability, disclosed the entity which provided it Plaintiff's lead information. Plaintiff subsequently amended the Complaint to sue that entity.

On a showing of "good cause," a Court may allow early discovery. *Semitool, Inc v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause may

exist where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* In evaluating a claim of good cause, courts in the Ninth Circuit regularly consider "(1) the concreteness of plaintiff's showing of a prima facie claim of actionable harm; (2) the specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for subpoenaed information to advance the claim; and (5) defendant's expectation of privacy." *Strike 3 Holdings, LLC, v. Doe*, 2022 WL 657932 at *1 (E.D. Cal. 2022) (citing *Arista Records LLC v. Doe 3,* 604 F.3d 110, 119 (2d Cir. 2010)).

Plaintiff satisfies factor 1 because he states a claim under the TCPA. Plaintiff satisfies factors 2 and 4 because the subpoenas are limited in nature to allow identification of a means in which to serve Defendant and aid in service of process. Plaintiff is unable to identify another way of obtaining contact information for the party because he has already attempted to serve them at the addresses provided by the now dismissed Defendants and the individuals that have answered the door have represented that they are not the Defendants (factor 3) Plaintiff has also attempted using a skip tracing service to identify alternative means to serve the Defendants but has been unable to (factor 3). Finally, there should be no significant privacy interest in the commercial transaction between an individual or entity operating a telemarketing scheme and their website domain registrar (factor 5).

Although each case is individually evaluated on its own merits, this Court has granted Plaintiff's requests in similar situations in the past. *See Rojas v. California Pro Builders,* 2:22-cv-01437-RGK-MRW, Dkt. 23 (C.D. Cal., Mar. 21, 2022); *Rojas v. Owner of Telephone Number 424-234-2076,* 2:22-cv-05742-PA-SK, Dkt. 17 (C.D. Cal., Oct. 11, 2022); *Rojas v. Owner of Greenhservices.com, et al*, 2:22-cv-06271-SPG-JEM, Dkts. 11, 16, 18, 26; *Rojas v. Owner of Telephone Number 310-955-5813,* 2:22-cv-04100-FLA-PVC, Dkt. 18 (C.D. Cal. Aug. 16, 2022).

To determine whether a plaintiff established good cause, courts consider whether the plaintiff has: (1) identified the Doe defendant with sufficient specificity as a real person

who can be sued in federal court; (2) recounted the steps taken to locate and identify the defendant; (3) shown that the action can survive a motion to dismiss; and (4) established that the discovery is reasonably likely to lead to identifying information that will permit service of process. *Dhillon v. Doe*, No. C 13-1465 SI, 26 2013 U.S. Dist. LEXIS 141050, at *3 (N.D. Cal. Sept. 25, 2013) (citing *Columbia Ins. 27 Co. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

With respect to the first factor, Plaintiff has already identified at least one of the individual Defendants with sufficient specificity. Plaintiff has also sued the corporate entity he was told could be allegedly responsible for some or all of the conduct alleged in the action. Plaintiff has been unable to find a corporate entity registration for the same in the popular opencorporates.com database, but nevertheless sues it and to the extent that he is able to identify another entity name, he will seek amendment.

With respect to the second factor, Plaintiff has already filed the proof of non-service concerning his attempts to serve the individual Defendant. Dkt. 19. Plaintiff identified that address because it was given to him by counsel for the now dismissed Defendants. Dkt. 20-1 ¶ 3. Plaintiff has also e-mailed Defendant at the email provided to him by counsel in an attempt to resolve this but has not received a response. Dkt. 20-1 ¶ 4. Plaintiff has found that Defendant does have a LinkedIn account, which lists his location as Pocatello, Idaho, and a tag line of "Buying & Selling Calls For Insurance Verticals" available at https://www.linkedin.com/in/matias-oscar-996b22229/.

With respect to the third factor, Plaintiff believes the operative complaint pleads sufficient facts to survive a motion to dismiss. Plaintiff commenced this action against another set of entities which had foreign corporate registrations with the California Secretary of State[1]. Plaintiff alleges that Defendants contacted Plaintiff's 424 area code

---

[1] Plaintiff notes that his Amended Complaint makes references to Defendants terms of service and privacy policy listing addresses and having offices within this District. Plaintiff notes that those paragraphs were with respect to the earlier dismissed Defendants and their inclusion in the Amended Complaint was a mistake.

phone number under the belief that he continued to reside within this District – which he did from 1996 to approximately 2014. At minimum, the new Defendants contracted with a company that has a California corporate registration – and allegedly contacted Plaintiff with a in district telephone number. Call 3 alleged in the operative complaint came from a 925 area code, which is assigned to Northern California, and calls 4 and 5 came from in district 424 area codes, Call 12 from a 408 area code assigned to Northern California, and call 13 (which led to the identification of Defendants) from a 760 Southern California area code. Plaintiff alleges that Defendants calls were made without his consent and utilized an automatic telephone dialing system, and violated the do not call registry provisions of the TCPA, because they were made for the sale or promotion of a product or service.

With respect to the final factor, Plaintiff believes that the information identified by the domain registrar's masking service, Domains by Proxy, and LinkedIn Corporation, will provide information sufficient to aid in service of process, either via seeking alternative service or via finding another address within which to use to serve Defendants.

This relief is sought ex parte because Plaintiff has not been able to hold a Rule 26 conference and no party has appeared.

Plaintiff requests the Court grant this request. Plaintiff will then request the Clerk issue the requested subpoenas. Following being provided the requested information, Plaintiff will continue to seek service of process. Plaintiff proposes providing routine status reports to this Court. A proposed order is included with this filing along with the proposed subpoenas (**Exhibit 1 and Exhibit 2**).

Respectfully submitted,

Dated: February 18, 2024

/s/ *Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

## CERTIFICATE OF SERVICE

A copy of this filing is being mailed to each Defendants last known address.

Dated: February 18, 2024

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS

## CERTIFICATE OF CONFERRAL

Plaintiff was unable to confer with any Defendant prior to the filing of this motion because no Defendant has appeared and has failed to respond to Plaintiff's requests.

Dated: February 18, 2024

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS

## CERTIFICATE OF WORD COUNT

The undersigned, Plaintiff, certifies that this brief contains 2,357 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 18, 2024

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS